

**MANDATE**

S.D.N.Y.-N.Y.C.
08-cv-376
Wood, C.J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of A p r i l, two thousand eight,

Present:

Hon. Chester J. Straub,
Hon. Rosemary S. Pooler,
Hon. Sonia Sotomayor,
        *Circuit Judges.*



---

Angel De La Cruz,

    *Petitioner,*

   v.          08-0427-op

Robert Ecole,

    *Respondent.*

---

Petitioner, *pro se*, moves to remand his 28 U.S.C. § 2254 petition to the United States District Court for the Southern District of New York, which transferred the petition to this Court after it concluded that it was successive. Petitioner also moves to stay consideration of the issue of whether he should be granted leave to file a second or successive § 2254 petition, pending resolution of his motion to remand. Upon due consideration, it is hereby ORDERED that the motion to remand is DENIED because the § 2254 petition was properly transferred to this Court as a successive petition.

It is further ORDERED that Petitioner's motions are construed as an application for leave to file a successive § 2254 petition and the application is DENIED because Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2244(b). Petitioner has not demonstrated that the evidence he now relies on is "new" within the meaning of § 2244(b)(2) or shown by clear and convincing evidence

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by *[signature]*

Deputy Clerk

**─ISSUED AS MANDATE:** JUN 2 – 2008

that, in light of the evidence as a whole, no reasonable factfinder would have found him guilty. Additionally, assuming, without deciding, that a freestanding actual innocence claim may be brought without meeting the requirements of § 2244(b)(2), Petitioner's claim does not warrant relief because "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it." *House v. Bell*, 547 U.S. 518, 555 (2006). The motion for a stay is denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____

SAO-RAH

2

S.D.N.Y.-N.Y.C.
08-cv-376
Wood, C.J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of April, two thousand eight,

Present:

      Hon. Chester J. Straub,
      Hon. Rosemary S. Pooler,
      Hon. Sonia Sotomayor,
            *Circuit Judges.*



---

Angel De La Cruz,

          *Petitioner,*

      v.                               08-0427-op

Robert Ecole,

          *Respondent.*

---

Petitioner, *pro se*, moves to remand his 28 U.S.C. § 2254 petition to the United States District Court for the Southern District of New York, which transferred the petition to this Court after it concluded that it was successive. Petitioner also moves to stay consideration of the issue of whether he should be granted leave to file a second or successive § 2254 petition, pending resolution of his motion to remand. Upon due consideration, it is hereby ORDERED that the motion to remand is DENIED because the § 2254 petition was properly transferred to this Court as a successive petition.

It is further ORDERED that Petitioner's motions are construed as an application for leave to file a successive § 2254 petition and the application is DENIED because Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2244(b). Petitioner has not demonstrated that the evidence he now relies on is "new" within the meaning of § 2244(b)(2) or shown by clear and convincing evidence

THE MANDATE CONSISTING OF
ITEMS BELOW, HAS BEEN RECEIVED
( ) OPINION ( ) STATEMENT OF COSTS
( ) ORDER

SAO-RAH

RECEIVED BY:_____ DATE _____

that, in light of the evidence as a whole, no reasonable factfinder would have found him guilty. Additionally, assuming, without deciding, that a freestanding actual innocence claim may be brought without meeting the requirements of § 2244(b)(2), Petitioner's claim does not warrant relief because "whatever burden a hypothetical freestanding innocence claim would require, this petitioner has not satisfied it." *House v. Bell*, 547 U.S. 518, 555 (2006). The motion for a stay is denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:

SAO-RAH

2